UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN:   RAYMOND HIDALGO                    BK NO.: 1:11-bk-10203
Debtor
FLOR HIDALGO
Joint Debtor


RAYMOND HIDALGO
FLOR HIDALGO
PlaintiffS

vs.

MICHAEL J. ASTRUE
COMMISSIONER  OF  SOCIAL SECURITY

Defendant.

## COMPLAINT FOR STAY VIOLATION, DAMAGES AND ATTORNEY FEES

1.     This is an action for damages filed by the debtors pursuant to Section 362(a)(1),  (a)(2)(a)(4),(a)(5) and (a)(6) and Section 105 of the Bankruptcy Code  and . 28 U.S.C. § and for injunctive relief to prohibit future violations of The Bankruptcy Code, for attorney fees and for an accounting of all funds the Social Security Administration received from the Debtors.


## JURISDICTION AND VENUE

2.     Jurisdiction is conferred on this Court pursuant to the provisions of Sections 157 and1334 of Title 28 of the United Stated Code, and Sections 362 and 105 of the Bankruptcy Code.

3.     This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

4.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

5.      The Plaintiffs in this adversary are Debtors,Raymond Hidalgo and Flor Hidalgo in the Chapter 7 case currently pending before the Court titled  In Re Hidalgo, BK No.: 11-10203 (the "Main Case").

6.      The Defendant, Mark J. Astrue, is the Commissioner of Social Security on behalf of the Social Security Administration, a Department of the United States Government.

## FACTUAL ALLEGATIONS

7.       Debtors filed Bankruptcy on January 25, 2011.

8.       Debtor Flor Hidalgo listed the Social Security Administration as an unsecured non-priority creditor for an alleged overpayment in her bankruptcy schedules. Notice of the filing of the bankruptcy petition was sent to and received by the Social Security Administration.

9.      The Social Security Administration had previously filed a claim against Plaintiff, Flor Hidalgo.

10.     On or about May 6, 2011 the Social Security Administration offset the Plaintiffs' 2010 Joint Tax Refund in the amount of $4,230.00 in order to collect this pre-petition debt in violation of the automatic stay and retains these funds of the Plaintiffs.

11.     In 2012, the Social Security Administration again withheld the 2011 Tax Refund of Plaintiff Flor Hidalgo in the amount of more than $1,000.00.

12.     On May 23, 2012, The Social Security Administration  sent Plaintiff,  Flor Hidalg,  an Administrative Wage Garnishment that it served on her employer.

2

<u>COUNT I</u>

<u>STAY VIOLATION – 11 U.S.C. § 362</u>

10.     The Plaintiffs incorporate and reallege the allegations contained in the factual allegations above.

11.     To the extent that the Social Security administration attempted to collect the pre-petition claim and has in effect collected funds based on the prepetition claim, it has violated the automatic stay provisions of the Bankruptcy Code.

12.     The actions of the Social Security administration were made willfully and in bad faith and with knowledge of the pending Plaintiff's bankruptcy.  The Plaintiff notified defendant of the inappropriateness of this action by mail received by it on May 31, 2012 and June 1, 2012.  A demand was made on Defendant to return said funds, but this demand has not been responded to by Defendant and it retains Plaintiffs' funds.

12.     In bringing this action for violation of the automatic stay, Plaintiff has incurred attorneys' fees and costs in addition to the injunctive relief allowed under 11 U.S.C.§ 362 (a)(1), (a)(2),  (a)(4), (a)(5) and (a)(6). Plaintiff is entitled to an award of actual damages, punitive damages and reasonable attorneys' fees and costs under 11 U.S.C. § 362(k)(1), pursuant to 11 U.S.C.  §105 and pursuant to the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)  et seq.

<u>RELIEF REQUESTED</u>

Plaintiffs respectfully request that this Court:

1.  Enter Judgment against the Social Security Administration for actual damages, incurred, including but not limited to the $4236.00 refund of the 2010 tax return and the refund for the Plaintiff, Flor Hidalgo for her 2011 tax return.

2. Find the Social Security Administration in violation of 11 U.S.C. § 362(a)(1), (a)(2), (a)(4), (a)(5) and (a)(6) and orders of this Court and

order punitive damages for this willful violation;

3. Order an accounting against the Social Security Administration requiring  a full accounting of any and all funds received by way of the offset and any garnishment of the Plaintiff's income.

4.     Enjoin the Social Security administration from taking any further action against the Plaintiffs by way of offset, collection action or any other garnishment action

5.     Find the Social Security Administration liable for any attorneys' fees and costs associated with bringing this adversary pursuant to 11 U.S.C. § 362(k), 11 U.S.C. §105, and pursuant to the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)  et seq.

6. Grant all other just and proper relief.

RAYMOND HIDALGO
FLOR HIDALGO

By their Attorney

July 15, 2012

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230

5