**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE: RAYMOND HIDALGO | ) | |
| FLOR HIDALGO | ) | BK No. 11-10203 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| RAYMOND HIDALGO and | ) | |
| FLOR HIDALGO, | ) | |
| Plaintiffs, | ) | |
| v. | ) | AP No. 12-01039 |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER, | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS
AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT**

Now comes the defendant, Michael J. Astrue, in his capacity as Commissioner of the Social

Security Administration ("Commissioner"), by and through his attorneys, and moves to dismiss the

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as incorporated in this

adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, for the

reasons set forth in the accompanying memorandum.   In the alternative, the Defendant moves for

summary judgment pursuant to Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056.

Respectfully submitted,

MICHAEL J. ASRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION

By his Attorneys,

PETER F. NERONHA
UNITED STATES ATTORNEY

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI  02903
(401) 709-5000/(401) 709-5017  (fax)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE: RAYMOND HIDALGO | ) | |
| FLOR HIDALGO | ) | BK No. 11-10203 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| RAYMOND HIDALGO and | ) | |
| FLOR HIDALGO, | ) | |
| Plaintiffs, | ) | |
| v. | ) | AP No. 12-01039 |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER, | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT**

*Factual Background*

The plaintiff-debtors filed their Chapter 7 bankruptcy petition on January 25, 2011.  (BK

No. 11-10203, Dkt. No. 1).  Although they listed the Social Security Administration ("SSA") as a

creditor, the address in the creditor's matrix is the address of the Agency's local field office in

Providence, RI.  (Dkt. Nos. 1, 11).  The plaintiff-debtors did not list the United States Attorney's

Office for the District of Rhode Island, and the U.S. Attorney was not served with the bankruptcy

petition or any other pleadings in this matter.  (Dkt. Nos. 1, 11).  The debt, in the amount of

$52,791.50, resulted from an overpayment made to the plaintiff-debtor Flor Hidalgo resulting from

her receipt of Social Security disability benefits during a period of time when she performed

unauthorized work activity.  (Please see Declaration of Ellen Dagold attached hereto as Exhibit

One).

In May 2011, pursuant to the Treasury Offset Program, the SSA caused the Internal Revenue Service to offset $4,236.00 from the plaintiff-debtors' 2010 federal income tax return for application toward the aforementioned debt owed to the SSA.  In April 2012, an additional $816.00 was offset from the plaintiff-debtors' 2011 federal income tax return.  (Exhibit One - Declaration of Ellen Dagold).

By letter dated May 30, 2012, addressed to the SSA's Mid-Atlantic Program Service Center in Philadelphia. PA, (attached hereto as Exhibit Two), the plaintiff-debtors' counsel sought to notify the SSA of the pendency of the bankruptcy action and to allege that the SSA's actions in offsetting the plaintiff-debtors' federal income tax refunds was a violation of the automatic stay.

On July 19, 2012, after receiving this letter, the SSA returned the $5,052.00 that had been offset to the plaintiff-debtor, Flor Hidalgo.  The SSA has not garnished any of Ms. Hidalgo's wages. (Exhibit One - Declaration of Ellen Dagold).

*Argument*

The Court should dismiss this adversary proceeding under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b), because even crediting as true the allegations in the plaintiff-debtors' Complaint they have not stated a claim for which they are entitled to relief.  *See, e.g., In re DiVittorio*, 670 F.3d 273 (1st Cir. 2012).  Alternatively, the Court should grant summary judgment under Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, in favor of the defendants, because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law.  *See, e.g., In re Varrasso*, 37 F.3d 760 (1st Cir. 1994).

THE WITHIN ACTION IS MOOT SINCE THE FUNDS OFFSET FROM
THE PLAINTIFFS' TAX REFUNDS HAVE BEEN RETURNED TO THE PLAINTIFFS

The federal courts of the United States have jurisdiction to hear and determine only "cases or controversies."  U.S. Const. Art. III, § 2.  Moreover, federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*,

2

404 U.S. 244, 246 (1971). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 37 (1976) (*citing Flast v. Cohen*, 392 U.S. 83, 95 (1968)). *See also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed."). The party which invokes federal court jurisdiction has the burden of proving its existence. *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) *citing Murphy v. United States*, 45 F.3d 520, 522 (1st. Cir.), *cert. denied* 515 U.S. 1144 (1995).

In short, to be cognizable in a federal court, a suit "must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241. Mootness is thus a jurisdictional question because a court "is not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920), *quoting California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314 (1893).

In general, "a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*quoting United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). If a case is rendered moot, this "strip[s] this Court of subject matter jurisdiction." *Town of Charlestown v. Nynex Mobile Communications Co.*, 933 F. Supp. 161, 162 (D.R.I. 1996).

Since the relief sought by the plaintiff-debtors in the case at bar, namely, the re-payment of funds offset from their tax refunds for 2010 and 2011, has already occurred, and the SSA has not

3

garnished any of Ms. Hidalgo's wages, "the parties no longer have a cognizable legal interest in this Court's determination." *Id*.  Therefore, the Court should dismiss the action for actual damages as moot.

<u>PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES AND COSTS</u>

The bankruptcy code provides that an individual injured by any willful violation of the automatic stay is entitled to attorneys' fees and costs.  11 U.S.C. § 362(k).  A violation is "willful" if the defendant had knowledge of the stay and intended the actions that constituted the violation. *See Fleet Mortgage Group, Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999); *In re Cherise Wilson-Gomes*, 281 B.R. 503, 505-06 (Bankr. D.R.I. 2002).

Here, there was no willful violation because the plaintiff-debtors did not give the defendant adequate notice of the bankruptcy proceedings.  Specifically, the plaintiff-debtors did not give notice to the United States Attorney's Office for the District of Rhode Island of the bankruptcy proceedings as required by the Federal Rules of Bankruptcy Procedure.  *See* Fed. R. Bankr. P. 2002(j)(4) ("Copies of notices required to be mailed to all creditors under this rule shall be mailed… if the papers in the case disclose a debt to the United States other than for taxes, to the United States Attorney for the district in which case is pending…").  Notification to the United States attorney is essential, because he is "the person in the best position to protect the interests of the government." *In re Solvation*, Inc., 48 B.R. 670, 674 (Bankr. D. Mass. 1985); *accord In re H.C. Table, Co.*, 457 F. Supp. 858, 859-60 (W.D. Tenn. 1978) ("The United States, however, is a monstrous government involving many agencies, and it is apparent that one agency of the United States does not always know what another agency is doing.  This, of course, is the basis for Rule 203(g) [Rule 2002(j)'s predecessor], requiring that notice of a government agency's claim in a bankruptcy proceeding be given to the legal office of the United States, the United States Attorney.").

Relatedly, in *In re Sepell*, the court found that the SSA, as creditor, could pursue a claim under 11 U.S.C. § 523(a)(3), because the debtor had failed to give notice of the bankruptcy proceedings to the U.S. Attorney's Office or even to an SSA office that had any "working knowledge of his claims file or of the legal issues presented by his bankruptcy filing." *In re Sepell*, 2007 WL 853842, at *4-5 (Bankr. S.D. Iowa Mar. 12, 2007).[1]  As the court explained, "[a] United States agency should not be charged with notice or actual knowledge of a bankruptcy case 'unless the agency particularly responsible for and familiar with the claims against the debtor has notice or actual knowledge of the debtor's bankruptcy case." *Id.*  Similarly, in *In re H.C. Table, Co.*, the court equitably tolled the time period for the government to file a dischargeability claim because the debtor had not notified the U.S. Attorney's Office.  *See In re H.C. Table, Co.*, 457 F. Supp. at 860 ("Failure to notify the United States Attorney, even though the agency itself was notified, could well bring about a situation where the rights of the United States could or might be jeopardized.").

By the same token, the Court should not impute knowledge of the plaintiffs' bankruptcy filing to the defendants because the plaintiff-debtors did not give notice of the proceedings to the U.S. Attorney's Office as required by Fed. R. Bankr. P. 2002(j)(4), or even to an SSA office positioned to take appropriate action.  *See In re Sepell*, 2007 WL 853842, at *4-5.  Because the defendant did not willfully violate the automatic stay, the plaintiff-debtors are not entitled to attorneys' fees or costs.  *See Kaneb*, 196 F.3d at 269.

Equity further weighs against awarding attorneys' fees and costs in this case.  Although the SSA offset the debtors' 2010 federal income tax return in May 2011, it was not until May 30, 2012—after the SSA had also offset the debtors' 2011 federal income tax return—that the plaintiffs' attorney contacted the SSA to object (see Exhibit Two).  Once the SSA Program Service

---

[1] As in *In re Sepell*, the plaintiff-debtors in the case at bar only notified an SSA field office that was not even their SSA servicing office.  (Dkt. Nos. 1, 11).  Based on the plaintiff-debtors' Warwick, RI, address, the Warwick, RI Social Security field office would have been the servicing field office.

Center received this letter, it took action to refund all of the money that had been offset.  Had the

Plaintiffs' attorney notified the SSA and the U.S. Attorney's Office sooner, the fees and costs

associated with bringing this action would have been avoided.[2]

### PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES

The bankruptcy code prohibits the Court from awarding punitive damages against the

Commissioner.  11 U.S.C. § 106(a)(3) ("The Court may issue against a governmental unit an order,

process, or judgment under such sections of the Federal Rules of Bankruptcy Procedure, including

an order or judgment awarding a money recovery, *but not including an award of punitive*

*damages.*") (emphasis added).  *See also Duby v. United States*, 451 B.R. 664, 670-71 (B.A.P. 1st

Cir. 2011) ("Notably, punitive damages are expressly excepted from the waiver of sovereign

immunity," citing 11 U.S.C. § 106(a)(3)).  Accordingly, the Plaintiffs' claim for punitive damages

should likewise be dismissed.

---

[2] The plaintiff-debtors also have requested attorneys' fees under the Equal Access to Justice Act
("EAJA"), 28 U.S.C. § 2412(d).  Besides being premature, the request cannot be honored because
the plaintiff-debtors are not "prevailing parties" as required by the statute.  *See* 28 U.S.C. §
2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a
*prevailing party* other than the United States fees and other expenses… unless the court finds that
the position of the United States was substantially justified or that special circumstances make an
award unjust.") (emphasis added); *Hensley v. Eckerhart*, 461 U.S. 424, 433, n.7 (1983) (holding
that to qualify as a prevailing party, a plaintiff must "succeed on any significant issue in litigation
which achieves some of the benefits [he or she] sought in bringing suit.").

CONCLUSION

For the above reasons, the Court should dismiss the Complaint because Plaintiffs have failed

to state a claim upon which the Court may grant relief.  Alternatively, the Court should grant

summary judgment in a favor of the defendants.

Respectfully submitted

MICHAEL J. ASRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION

By his Attorneys,

PETER F. NERONHA
UNITED STATES ATTORNEY


/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI  02903
(401) 709-5000
(401) 709-5017 (fax)

Of Counsel:
Matthew J. Del Mastro
Assistant Regional Counsel
Social Security Administration
JFK Federal Building, Room 625
Boston, MA 02203

7

CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2012, I electronically filed the within Defendant's Motion to Dismiss or in the Alternative for Summary Judgment with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System.  The following participant has received notice electronically:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI  02920


/s/ Michael P. Iannotti
Michael P. Iannotti

8